UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS SIMPSON,

    Plaintiff,

                                               Case No. 24-10650

v.

                                               HON. DENISE PAGE HOOD

ADVANCED AUTO PARTS, INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (#11), DISMISSING ACTION AND CLOSING CASE

**I.    BACKGROUND**

Plaintiff Douglas Simpson filed the instant Complaint on January 31, 2024 before the Genesee County Circuit Court against Defendant Advanced Auto Parts, Inc.[1] Simpson alleges he suffered serious injuries when he slipped and fell on oil while at the premises of Advanced Auto Parts on March 2, 2021. (ECF No. 1, PageID.12) The Complaint and Summons were mailed to Advanced Auto Parts at Raleigh, North Carolina, on February 13, 2024. *Id*. at PageID.17-.19. The return

---

[1]According to Defendant, the proper named Defendant is "Advance Stores Company, Incorporated," a wholly owned subsidiary of Advance Auto Parts, Inc. (ECF No. 11, PageID.134)

receipt was signed by Claudine Hunter on February 14, 2024. (ECF No. 11, PageID.164) Hunter is a mail clerk employed by Advanced Auto Parts. *Id.* at PageID.134. The Complaint was removed to this Court on March 13, 2024. (ECF No. 1)

This matter is before the Court on Advanced Auto Parts' Motion for Summary Judgment. A response and reply have been filed and a hearing held on the matter.

## II.   ANALYSIS

### A.   Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

In a diversity case, the substantive law of the forum state is applied—in this case, Michigan. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358 (6th Cir. 2013) (citing *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008)); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

**B.    Statute of Limitations**

Advanced Auto Parts moves for summary judgment based on the statute of limitations. Although the Complaint was filed within the statute of limitations, Advanced Auto Parts argues that it continued to run and was not tolled because the

3

mailing of the Summons and Complaint by certified mail does not meet Michigan's service requirement to a corporation. Simpson responds that the Complaint and Summons were properly served upon Advanced Auto Parts and that summary judgment for improper service is not warranted. Advanced Auto Parts replies that its motion is not based on improper service, but on the statute of limitations because mailing by certified mail did not toll the statute of limitations.

The general statute of limitations for personal injury actions is three years. See M.C.L. 600.5805(2). In 2004, the Michigan Supreme Court held that the unambiguous language of M.C.L. 600.5805 *and* 5856 provides that the filing of a complaint alone does not toll the running of the limitations period. In addition to filing the complaint, one must also comply with the requirements of § 5856 in order to toll the limitations period. *Gladych v. New Fam. Homes, Inc.*, 468 Mich. 594, 607, 664 N.W.2d 705, 712 (2003). In *Gladych*, although the plaintiff satisfied the threshold requirement of § 5805 by filing the complaint before the period of limitations expired, plaintiff did not immediately complete any of the actions required by § 5856 to toll the statute of limitations and the period of limitations continued to run and expired. *Id*. In response to the Michigan Supreme Court's *Gladych* ruling, the Michigan legislature thereafter amended M.C.L. 600.5856 which became effective on April 22, 2004 which now provides:

4

> The statutes of limitations or repose are tolled in any of the following circumstances:
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
> (b) At the time jurisdiction over the defendant is otherwise acquired.
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

M.C.L. 600.5856; *Nichols v. Moore*, 334 F. Supp. 2d 944, 949–50 (E.D. Mich. 2004). Michigan Court Rule 2.105(D), which governs service on corporations, requires *personal service* of the summons and complaint "on an officer, registered agent, director, trustee, or person in charge of an office or business establishment" ***and*** "by registered mail, addressed to the principal office of the corporation." M.C.R. 2.105(D)(2). *Bullington v. Corbell*, 203 Mich. App. 549, 557, 809 N.W.2d 657, 662 (Mich. Ct. App. 2011) (citing M.C.R. 2.105(D)(1), (2)).

Simpson argues that the service by certified mail received by the mail room clerk was sufficient because it gave actual notice of the complaint pursuant to M.C.R. 2.105(J)(1), which states,

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

5

M.C.R. 2.105. The Rule further states,

> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

M.C.R. 2.105. Although Advance Auto Parts may have had "actual notice" of the instant suit, as evidenced by defending the suit, Simpson failed to show, as required by the Rule, that service of process could not be reasonably made as required by the Rule–by personally serving the appropriate corporate officer. Simpson did not file a verified motion with facts to show that process could not be served under the Rule. Simpson cannot use the Rule as a defense to the instant motion since Simpson did not properly use the Rule to show that personal service to the appropriate officer of the corporation could not be made.

As argued by Advanced Auto Parts, M.C.R. 2.105, by its terms, pertains only to motions to dismiss based on improper service. M.C.R. 2.105(K)(3) states, "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." M.C.R. 2.105(K)(3). Here, Advanced Auto Parts does not

6

seek dismissal based on improper service under the Rule, but rather dismissal based on the failure to toll the statute of limitations under M.C.L. 600.5856.  Rule 2.105(J) therefore does not apply in this instance. *See*, *Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022).

Under subsection (a) of the tolling statute, M.C.L. § 600.5856, the statute of limitations is tolled by the filing of a complaint *if* a plaintiff: 1) filed the complaint within the statute of limitations, *and* 2) served it in accordance with state court rules.  Simpson satisfied the first prong by filing the Complaint before the three years statute of limitations ran but failed to satisfy the second prong.  The Court must apply state law to determine the validity of service prior to removal. As noted above, M.C.R. 2.105(D) governs service of process on a corporation.   M.C.R. 2.105(D) does not explicitly permit service solely by registered or certified mail.  Subsection (D)(1), which provides "serving" an officer or resident agent and does not use the term "by registered or certified mail."  It states that service of process may be made by "serving" a summons and a copy of the complaint on an officer or resident agent.  M.C.R. 2.105(D)(1).  The term "serving" is not ambiguous as used in (D)(1) in that its meaning is clear when it is considered in context. Even though "serving" is not defined in M.C.R. 2.105, several subsections of M.C.R. 2.105 make it clear when service by mail is proper.  Specifically, in M.C.R. 2.105(C)(2),

there is an explicit distinction between "serving" a summons and complaint on a designated person and sending a copy by registered "mail":

> (C) Partnerships; Limited Partnerships. Service of process on a partnership or limited partnership may be made by "*serving* a summons and a copy of the complaint on the person in charge of a partnership office or business establishment *and* sending a summons and a copy of the complaint *by registered mail*, addressed to a general partner at his or her usual residence or last known address.

M.C.R. 2.105(C)(italics added). Virtually the same language is used in M.C.R. 2.105(D)(2) and (E)(1)-(2). This deliberate distinction between the term "serving" and "mail" makes clear that the Michigan Supreme Court, in writing the Rule, did not intend that the term "serving" be interpreted as synonymous with "mailing." The Court finds that Simpson's delivery of the Summons and Complaint by certified mail was not proper service under M.C.R. 2.105(D) as to a corporation. Simpson failed to satisfy the second prong of the statute, M.C.L. 600.5856, by not properly "serving" Advanced Auto Parts as required by the Michigan Court Rules.

The statute of limitations has been construed as an integral part of M.C.L. 600.5856, because the statute prescribes a definite tolling procedure. *See Blaha v. A.H. Robins and Co.*, 536 F. Supp. 344, 349 (W.D. Mich.1982). Under the Michigan Court Rules, Simpson's time to effect proper service extended to the date the Summons, which in this case expired on May 1, 2024. (ECF No. 1, PageID.09) *See* M.C.R. 2.102(E); *Wlodarczak v. Smith*, 2005 WL 2401568 (Mich. App. 2005)

(statute of limitations tolled until expiration of the summons). When Advanced Auto Parts removed this action to this Court on March 13, 2024, Simpson's service of process was defective at the time of removal. But Simpson had until May 1, 2024 under the state court summons to perfect service. When Advanced Auto Parts filed its Answer and Affirmative Defenses on March 14, 2024, it preserved its defenses under the statute of limitations and improper service. (ECF No. 2, PageID.29) Advanced Auto Parts was not required to take any further action after it filed its Answer and Affirmative Defenses to put Simpson on notice that the attempted service was not properly made. Simpson took no further action prior to the expiration of the state court summons, even though almost two months remained on the summons until May 1, 2024. The statute of limitations was not tolled under M.C.L. 600.5856 beyond May 1, 2024. The State of Michigan chose to expressly make the tolling of the statute of limitations and service on a defendant an integral part of the statute governing limitations of actions. This Court must apply Michigan's statute of limitations and how the statute of limitations is tolled (or not) under M.C.L. 600.5856. *See, State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 WL 127909, at **2–5 (E.D. Mich. Jan. 11, 2007) Simpson's Complaint must be dismissed under Michigan's statute of limitations since it was not properly tolled.

## III.   CONCLUSION/ORDER

Based on the above,

IT IS ORDERED that Defendant Advanced Auto Parts, Inc.'s Motion for Summary Judgment (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice and designated as CLOSED on the docket.


                                           s/Denise Page Hood
                                           DENISE PAGE HOOD
                                           United States District Judge

DATED:  November 12, 2024